UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN ANTHONY JOHNSON,

      Plaintiff,                                           Case Number 1:18-cv-11568

v.                                                   Honorable Thomas L. Ludington

ONE VILLAGE ENTERTAINMENT,
et al.,

      Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Benjamin Anthony Johnson, a federal inmate incarcerated at the Federal Correctional Institution in Yankton, South Dakota, has filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

**I.**

The complaint alleges that Plaintiff was convicted in the Eastern District of Michigan in 2008 of conspiracy and narcotics offenses for which he is serving a term of 150 months. Plaintiff claims that a documentary film titled "BMF: The Rise and Fall of a Hip Hop Drug Empire" contained information falsely suggesting that Plaintiff cooperated with Federal authorities to assist in what he calls the "Black Mafia Family's Federal Investigation." ECF No. 1 at 4. Plaintiff claims that the information in the film has led to threats on his life and the lives of his family members.

The complaint lists a total of twenty-two defendants in the caption. Nine of the named defendants seem to be entities Plaintiff claims were involved in the production or distribution of the documentary film: One Village Entertainment, Image Entertainment, Inc., RLJ Entertainment, Inc., Joe Rock Productions, Errante Film Productions, LLC, Flow State Films, Netflix, Amazon, and Youtube. The remaining thirteen defendants listed in the caption appear to be individuals: Jamie Chester, Tammy Lowins, Edward Daigneau, John Errante, Derek Parker, Andrew Rath, JDE Rock, Dave Sikorski, Don Sikorski A.K.A Donald, Irene Sikorski, Douglas Stewart, and Ryan Walker. These defendants are not identified in the body of the complaint, but the complaint implies that all the defendants "worked hand-in-hand in the creation" of the documentary film. ECF No. 1 at 4. The complaint seeks $5,000,000 from each of the twenty-two defendants for the use of his name in the film without his consent, and an additional $850,000,000 in "special damages." Id., at 5.

## II.

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief.

*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The complaint is devoid of allegations that any of the named defendants were acting under color of state law when they allegedly produced and distributed the documentary film in question. As such, Plaintiff has failed to state a claim under § 1983.

It appears that the reference to § 1983 may have been inadvertent. It is cited in the heading to his complaint, but not discussed anywhere else. The remainder of his complaint asserts claims for defamation and injurious falsehood. There is no independent basis for this Court to exercise subject matter jurisdiction over Plaintiff's state law defamation and injurious falsehood claims, however. Although the amount in controversy exceeds $75,000, it is not apparent from the face of the complaint that the parties are completely diverse. *See* 28 U.S.C. 1332. Rule 8 requires the complaint to provide "a short and plain statement of the grounds for the

court's jurisdiction . . ." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff has provided no statement of jurisdiction indicating his own state of citizenship or the state(s) of citizenship of any of the Defendants, and his complaint will therefore be dismissed. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) (affirming dismissal where there was "no basis for federal jurisdiction on the face of [Plaintiff's] complaint.")

## IV.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** without prejudice.

It is **FURTHER ORDERED** that an appeal from this judgment would be frivolous and could not be taken in good faith.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 5, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager